# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Eunice D. Robinson, | ) |
|                 Plaintiff, | ) Civil Action No.: 1:24-cv-3498-SAL |
| v. | ) |
| | ) **COMPLAINT** |
| Papa John's International, Inc., | ) **(Jury Trial Demanded)** |
| Papa John's USA, Inc., Papa John's Franchising, LLC, and Audubon LLC d/b/a Papa John's Pizza 3594 | ) |
|                 Defendants. | ) |

Eunice D. Robinson, (hereinafter "Plaintiff"), by and through her undersigned counsel, respectfully alleges and will show that:

1. The Plaintiff is, and was at all relevant times, a resident of the County of Aiken, State of South Carolina.

2. Defendant Papa John's International Inc. is a Delaware corporation that operates and franchises pizza delivery and carry out restaurants under the trademark "Papa John's" throughout the United States, including within the State of South Carolina.

3. Defendant Papa John's USA Inc. is a foreign corporation organized under the laws of the state of Kentucky but is and was then authorized to do business in South Carolina and operates and franchises pizza delivery and carry out restaurants under the trademark "Papa John's" throughout the United States, including within the State of South Carolina.

4. Defendant Papa John's Franchising, LLC is a Kentucky corporation that operates and franchises pizza delivery and carry out restaurants as well as providing services to franchisees

under the trademark "Papa John's" throughout the United States, including within the State of South Carolina.

5. Upon information and belief, Defendants Papa John's International, Inc. Papa John's Franchising, LLC and Papa John's USA, Inc. (hereinafter collectively referred to as "Defendant Papa John's") comprise a single integrated enterprise and jointly operate and franchise Papa John's restaurants in the United States, including in South Carolina.

6. Defendant Audubon LLC d/b/a Papa John's Pizza 3594, (hereinafter "Defendant Audubon"), is a foreign corporation organized under the laws of the state of Georgia but is and was then authorized to do business in South Carolina as it manages and operates approximately ten (10) or more Papa John's restaurants in states including Georgia and South Carolina, including but not limited to Papa John's Pizza 3594 located in Aiken, South Carolina.

7. Upon information and belief, Defendant Papa John's provides technology, support, training, site selection, marketing, and other management services to Defendant Audubon, including but not limited to, policies and procedures related to the hiring, training, and retention of delivery drivers.

8. The Papa John's delivery driver, Darrell Bush, was, at all times relevant, an employee subject to the actual control or right to control of Defendant Audubon and Defendant Papa John's in the method and manner of fulfilling his responsibilities of employment. This includes, but is not limited to, the exact delivery responsibilities being performed at the time of the wreck in this case. As an employee, at all times relevant, Mr. Bush is the agent, actual or apparent of Defendant Papa John's and/or Defendant Audubon.

9. At the time of this wreck, delivery driver Bush was engaged in work activity as an employee, servant, and/or agent of Defendants and was acting within the course and scope of his employment, agency or servitude and at the direction of his employer as a delivery driver.

10. Defendant Audubon and Defendant Papa John's are responsible for the actions of their delivery driver employee through the doctrine of *respondeat superior* and the principles of agency.

11. Pursuant to 28 U.S.C. § 1391(b)(2) and Local Civil Rule 3.01(A)(1), venue is proper in the Aiken Division of the United States District Court, District of South Carolina, as a substantial part of the events giving rise to this lawsuit occurred in Aiken County. Additionally, for the purposes of diversity jurisdiction, the amount in controversy sought by Plaintiff is in excess of $75,000.00.

12. Once served with process, Defendant Papa John's and Defendant Audubon (collectively hereinafter "Defendants") are subject to the jurisdiction and venue of this Court.

13. The negligent acts, omissions and liability of all Defendants also refer to and include each Defendants' agents, principals, employees and/or servants, both directly and vicariously, pursuant to principles of corporate liability, apparent authority, agency, ostensible agency and/or *respondeat superior*.

## FACTS

14. On August 3, 2021, at approximately 6:50 pm, Plaintiff was driving south on Teague Street in Aiken, South Carolina in a 2008 Dodge Ram pickup truck bearing South Carolina license plate number 2227KD.

15. At the same time, delivery driver Bush, who was driving with a beginner's permit, was driving west on Dupont Drive in Aiken, South Carolina in a 1985 Chevrolet car with a Papa

John's delivery light car topper and bearing South Carolina license plate number 9351PA.  Mr. Bush was delivering pizzas at the direction and control, express or implied, of Defendants.

16. Where Teague Street and Dupont Drive intersect, Dupont Drive has a stop sign and Teague Street does not, giving Teague Street traffic the right-of-way.

17. Delivery driver Bush failed to yield the right-of-way to Plaintiff by not stopping for the stop sign on Dupont Drive as Plaintiff proceeded through the intersection.  Mr. Bush's vehicle struck the driver's side of Plaintiff's vehicle with such force that Plaintiff's vehicle rolled over onto its side.

18. As a direct and proximate result of the wreck, Plaintiff sustained injuries to her head, brain, right eye, neck, back, and other body parts which have caused and will in the future cause Plaintiff to undergo physical pain and suffering, mental anguish, emotional distress, permanent injury, and permanent impairment of health and bodily efficiency.  Furthermore, the wreck and Plaintiff's injuries have caused and will in the future cause Plaintiff to have to spend money for medical services and causing her to incur lost wages from being unable to work.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence as to all Defendants)**

19. The Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if they were set forth in this paragraph in their entirety.

20. The Defendants, in the conduct of their business, hire managers, staff, and employees to conduct business at their pizza restaurants, including hiring delivery drivers.

21. The Defendants have a duty to properly hire staff, management, and/or employees and to train and manage said management, staff and employees to act prudently.

22. Defendants owed Plaintiff and others on the public roadways a duty of care and violated that duty of care by their careless, negligent, grossly negligent, reckless, and/or willful

acts and/or omissions.

23. The Defendants, through their agents, servants and employees, were negligent, grossly negligent, willful, wanton, careless, and reckless at the above-mentioned time and place, in the following particulars, to wit:

    a. In then and there failing to take reasonable action to protect the public, and the Plaintiff from the foreseeable risk of physical harm;

    b. In then and there failing to implement proper measures, policies and/or procedures so as to deter and prevent unqualified drivers from endangering the public;

    c. In then and there failing to staff adequate and competent personnel and employees so as to ensure the rights and safety of the public and the Plaintiff;

    d. In then and there failing to properly supervise its management, staff, employees and/or agents;

    e. By negligently allowing injury to the Plaintiff;

    f. In then and there violating the statutes and ordinances of the State of South Carolina; and

    g. In such other particulars as the evidence at trial may show.

24. Defendants' delivery driver disregarded a stop sign in violation of S.C. Code Ann. § 56-5-2740, constituting negligence *per se*.

25. Defendants' delivery driver failed to yield the right-of-way to Plaintiff, in violation of S.C. Code Ann. §56-5-2330, constituting negligence *per se*.

26. Defendants' delivery driver was driving with a beginner's permit and did not have a licensed driver in the front seat of his vehicle who was at least twenty-one (21) years of age and

had at least one year of driving experience in violation of S.C. Code Ann. §56-1-50 (B)(1), constituting negligence *per se*.

27.     Defendants' delivery driver violated the duty of care and was careless, negligent, grossly negligent, negligent *per se*, reckless, willful, wanton, and in violation of the laws of this State at the time and place mentioned above, in the following particulars:

   a. In failing to maintain a proper lookout;

   b. In failing to be attentive;

   c. In allowing himself to become distracted from his driving;

   d. In disregarding a stop sign;

   e. In driving too fast for conditions;

   f. In failing to yield the right of way;

   g. In proceeding into the intersection/roadway when it was not safe to do so;

   h. In failing to keep his vehicle under proper control;

   i. In failing to steer his vehicle in a way so as to avoid hitting Plaintiff;

   j. In failing to take evasive action so as to avoid colliding with Plaintiff;

   k. In failing to timely and safely apply his brakes;

   l. In failing to sound his horn;

   m. In failing to use due care when using the roadway;

   n. In failing to have another licensed driver with one year of driving experience with him in his vehicle while driving with a beginners permit;

   o. In failing to use that degree of care and caution that a reasonably prudent person would have used under the same or similar circumstances;

   p. In driving said vehicle in utter disregard of the rights and safety of Plaintiff and others lawfully using the public highway at the time and place aforesaid; and

      q. In other such particulars as Discovery in the case and the evidence at trial may show.

28. Plaintiff's injuries are the direct and proximate result of the Defendants' breaches of duties owed to her.

29. Upon information and belief, at all times relevant, Defendants' delivery driver was an employee, agent and/or servant of Defendant Audubon and Defendant Papa John's and was acting within the course and scope of his employment, agency, or servitude of Defendant Audubon and/or Defendant Papa John's at the time of the motor vehicle crash herein.

30. Defendant Audubon does business as a franchisee of Defendant Papa John's.

31. The delivery driver is and/or was employed by Defendant Audubon at the time of the subject motor vehicle crash.

32. Upon information and belief, Defendant Papa John's maintains significant actual control, or right of control, over Defendant Audubon and franchisee employees through a franchise agreement and/or operating manual. Said control, or right of control, includes but is not limited to the precise delivery responsibilities and protocols being carried out by the delivery driver at the time he negligently caused the motor vehicle crash herein.

33. Upon information and belief, because the control exercised or possessed by Defendant Papa John's is significant, the delivery driver and Defendant Audubon are employees or agents of Defendant Papa John's.

34. Defendants are vicariously liable for the negligent actions or omissions of their employees or agents pursuant to the doctrines of *respondeat superior*, or actual agency, and/or apparent agency.

35. That as a result of the negligence of the Defendants, the Plaintiff suffered injuries and damages as set forth above.

36. Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by the Plaintiff and were in violation of the statutory laws of the State of South Carolina.

## FOR A SECOND CAUSE OF ACTION
(Negligent Retention as to all Defendants)

37. The Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if they were set forth in this paragraph in their entirety.

38. The Defendants directed, supervised, and controlled their employees or agents responsible for delivering food and other items, including delivery driver Bush.

39. The Defendants owed a duty to the public and the Plaintiff to hire personnel and employees who were appropriately trained and qualified to act as delivery drivers for Defendants.

40. The Defendants breached that duty by hiring personnel and employees who were not adequately trained and were not qualified to safely drive and deliver pizzas and protect the public, including the Plaintiff.

41. The Defendants breached that duty by hiring personnel and employees who failed to be qualified drivers sufficient to not endanger the public, including the Plaintiff, while the Defendants had knowledge of their unqualified drivers and failed to remedy the situation.

42. The Defendants had a duty to comply with South Carolina law, regulations and/or industry standards with respect to the retention of their employees and/or agents, including but not limited to their delivery drivers.

43. The Defendants breached that duty by failing to adequately investigate the background, driving records, and ability of its delivery drivers to legally drive, specifically delivery driver Bush, before hiring and retaining him in order to determine whether or not he was trained, legally qualified, and competent to deliver pizza and other items for Defendants.

44. Defendants owed a duty to Plaintiff and other drivers to provide training to their delivery drivers.

45. The Defendants breached that duty by failing to provide appropriate training to their employees, including delivery driver Bush, regarding the proper and safe operation of a motor vehicle and safe delivery of pizza and other items.

46. As a result of Defendants' breaches of duty Plaintiff was injured when delivery driver Bush crashed into her vehicle.

47. The acts and omissions of Defendants were reckless, willful, wanton, and showed blatant disregard for the safety of the Plaintiff and other drivers on the roadway.

48. The acts, omissions, conduct, and behavior of Defendants caused Plaintiff to suffer injuries and damages as set forth above.

49. Upon information and belief, Defendants violated their duties of care to Plaintiff and others on the public roadways and were careless, negligent, grossly negligent, reckless, and/or willful in committing acts and/or omissions in the following ways:

   a. In failing to properly screen delivery driver Bush before hiring him;

   b. In hiring and retaining an unqualified and unsafe employee;

   c. In hiring and retaining a legally unqualified and unsafe driver as an employee;

   d. In failing to properly train delivery driver Bush so that he was equipped to operate a vehicle properly and safely so as to prevent needless injuries to members of the public using the roadways;

   e. In failing to properly direct and supervise delivery driver Bush;

   f. In failing to have in place adequate policies and procedures to mandate compliance with State statutes, laws, and regulations, if such policies and procedures were in place, and in failing to enforce them;

   g. In failing to exercise the degree of care and caution that a reasonable and prudent entity would have exercised under the same or similar circumstances; and

      h. In such other particulars that may be discovered and/or shown in discovery in the case and/or by evidence at trial.

50. As a direct and proximate result of the negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of the Defendants, through their agents, servants and/or employees, the Plaintiff suffered severe bodily injuries.

51. That due to and as a result of the Defendants' negligence, gross negligence, and recklessness, including but not limited to negligent hiring, negligent training, and negligent retention of the Defendants' employees and/or agents, who were acting or omitted from acting, within the course and scope of their employment, Plaintiff suffered severe bodily injuries.

## FOR A THIRD CAUSE OF ACTION
**(Negligent Supervision as to All Defendants)**

52. The Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if they were set forth in this paragraph in their entirety.

53. The Defendants owed a duty to the Plaintiff and others to supervise their personnel and employees and determine if these persons were appropriately trained and adequate to act as delivery drivers and not to allow these personnel to place the Plaintiff and others at risk of being injured.

54. The Defendants breached that duty by failing to supervise their personnel and employees who were unqualified to drive and cause the acts described in this Complaint and the Defendants had knowledge that these persons were likely incompetent drivers and Defendants failed to remediate the situation.

55. The Defendants had a duty to supervise their delivery drivers so that they did not pose an unreasonably dangerous risk to others, including Plaintiff, on the roadway.

56. The Defendants breached that duty by failing to provide the necessary supervision of delivery driver Bush.

57. The Defendants knew or should have known that their personnel and employees were unqualified drivers and Defendants failed to properly supervise their personnel and employees to prevent such employees from driving and endangering the public.

58. As a direct and proximate result of the negligent, grossly negligent. careless, reckless, willful, and wanton acts and/or omissions of the Defendants, through their agents, servants and/or employees, the Plaintiff suffered severe bodily injuries.

## DAMAGES

59. The Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if they were set forth in this paragraph in their entirety.

60. That all of the above-named Defendants are jointly and severally liable as to all damages alleged herein since their negligent, reckless, and wanton acts and omissions, singularly or in combination, were a direct and proximate cause of the Plaintiff's damages and injuries.

61. As a result of the Defendants' acts and/or omissions, Plaintiff suffered severe physical harm and bodily injuries, which have caused and will in the future cause Plaintiff to undergo physical pain and suffering, mental anguish, emotional distress, permanent injury, permanent impairment of health and bodily efficiency, loss of income, and other such damages to be determined by a jury in the case.

62. Plaintiff is entitled to recover, as a direct and proximate result of the actions and omissions of these Defendants, medical expenses, lost wages, and other damages, both past and future.

WHEREFORE, Plaintiff prays for judgment against these Defendants for actual, special, consequential, damages, and punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

**McWHIRTER, BELLINGER & ASSOCIATES, P.A.**

s/J.C. Nicholson, III_____
J.C. Nicholson, III, Esquire
Fed I.D. No.: 9171
Bennett E. Casto, Esquire
Fed I.D. No.: 14010
119 East Main Street
Lexington, South Carolina 29072
P: 803-359-5523
F: 803-996-9080
E: JC@mcwhirterlaw.com
*Attorneys for the Plaintiff*

June 12, 2024
Lexington, South Carolina